1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11 FERNANDO PAZ,

                      Plaintiff,

12

       v.

13

CITY OF ABERDEEN,

14

                    Defendant.

15

CASE NO. C13-5104 RJB

ORDER DENYING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND
COMPLAINT

16      This matter comes before the Court on Plaintiff's Motion for Leave to Amend Complaint.

17 Dkt. 32.  The Court has considered the pleadings in support of and in opposition to the motion

18 and the record herein.

19                    **INTRODUCTION AND BACKGROUND**

20      The Plaintiff Fernando Paz commenced this action on February 13, 2013.  Dkt. 1.  This

21 action arises out of an abatement process initiated by the City of Aberdeen which culminated in

22 the demolition of a building owned by Mr. Paz.  *Id*.  The Complaint asserts due process and

23 trespass claims alleging that the City unlawfully demolished Paz's building without proper

24 notice.  Dkt. 1 pp. 12-14.  and Dkt. 8 p. 1.  The Complaint also alleges the City's ordinances,

1   acts, and omissions violated constitutional protections afforded under the Due Process Clause.

2   *Id.*

3          On May 23, 2013, the Court entered its Fed. R. Civ. P. 16 (Rule 16) scheduling order.

4   Dkt. 9.  This Order sets the trial date for February 3, 2014.  *Id.*  All motions related to discovery

5   must be filed by September 16, 2013, and discovery completed by October 7, 2013.  *Id.*  All

6   dispositive motions must be filed by November 5, 2013.  *Id.*  The Rule 16 Order further provides

7   that "these are firm dates that can be changed only by order of the Court."  *Id.*

8          On October 15, 2013, the Court granted a stipulated motion to extend the discovery

9   deadline to October 17, 2013, for the purposes of scheduling certain depositions.  Dkt. 11.  This

10  stipulated Order specifically states that it does not necessitate any change to the other deadlines

11  in this case or the trial date in this matter.  *Id.*

12         On November 5, 2013, the City filed a motion for summary judgment.  Dkt. 12

13         On the same date, November 5, 2013, Paz filed the instant motion for leave to amend the

14  complaint.   Dkt. 32.  The motion seeks to amend the complaint to add an additional cause of

15  action for violation of Paz's Fourth Amendment right to be free from unlawful searches.  *Id.*  Paz

16  asserts that the entry and search of his building was conducted under an invalid search warrant.

17  *Id.*  Paz's justification for the motion to amend is the assertion that the facts providing the basis

18  for the Fourth Amendment claim did not come to light until late October deposition testimony of

19  the City's code enforcement officer.  Dkt. 32 p. 7.

20         The City opposes Paz's motion to amend.  The City argues that the motion is untimely,

21  the product of undue delay, prejudices the City, and is futile.  Dkt. 34.  The City argues that Paz

22  had the factual basis for making a Fourth Amendment claim nearly two years prior to filing the

23  Complaint in this matter and unduly delayed bringing this claim.  The City notes that the

24

ORDER DENYING PLAINTIFF'S MOTION FOR
LEAVE TO AMEND COMPLAINT- 2

1  affidavit, warrant and return were all disclosed to Paz in response to a public records request on

2  March 21, 2011.  Dkt. 35 p. 5.  Additionally, the parties exchanged initial disclosures in

3  accordance with the Court's scheduling orders on May 9, 2013.  The City and Paz exchanged the

4  documents related to the search.  *Id*. pp. 2, 8.  The City disclosed another copy of the abatement

5  file with its Responses to Plaintiff's Interrogatories and Requests for Production on July 25,

6  2013.  *Id*. pp. 1-2.  These disclosures included copies of the search warrant, affidavit and notices

7  that were included as exhibits at the depositions of the City's witnesses in this matter.  *Id*.  The

8  City argues that this information provided Paz with the factual basis to assert a claim premised

9  on an unlawful search and that the deposition testimony was unnecessary and superfluous.

10      The City also argues that it will be prejudiced by the amendment because discovery has

11  closed and the deadline for dispositive motions passed.  Dkt. 34 pp, 5-6. The City further argues

12  that Paz's proposed amended complaint is not grounded in fact or law and, as such, is futile.  *Id.*

13  at pp. 6-10.

14                        **AMENDMENT STANDARDS**

15      Amendments to pleadings involve the applicability of Rules 15 and 16 of the Federal

16  Rules of Civil Procedure and are dependent upon the timing of the amendment request as it

17  relates to the various deadlines established in the pretrial case management order.  Rule 15(a)(2)

18  provides that, except in circumstances not present here, "a party may amend its pleading only

19  with the opposing party's written consent or the court's leave," which "[t]he court should freely

20  give ... when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Rule 16(b)(4) provides, however,

21  that "[a] schedule [established pursuant to a Rule 16(b)(1) scheduling order] may be modified

22  only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

23

24

ORDER DENYING PLAINTIFF'S MOTION FOR
LEAVE TO AMEND COMPLAINT- 3

1    Washington Local Civil Rule 16(b) provides that the court shall enter a written

2 scheduling order and further provides that "[t]he parties are bound by the dates specified in the

3 scheduling order.  A schedule may be modified only for good cause and with the judge's

4 consent.  Mere failure to complete discovery within the time allowed does not constitute good

5 cause for an extension or continuance."  This provision is bolstered by Local Rule 16(m), which

6 states that "[i]n order to accomplish effective pretrial procedures and to avoid wasting the time of

7 the parties, counsel, and the court, the provisions of this rule will be strictly enforced."

8    Although Rule 15 generally provides for liberal amendment to pleadings, once a pretrial

9 scheduling order has been entered pursuant to Rule 16(b)(1), an additional showing of "good

10 cause" for amendment must be made if the scheduling order's deadline for amending pleadings

11 has passed.  *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).  Where

12 the court has issued a pretrial scheduling order establishing a timetable, the pretrial order

13 controls the subsequent course of the action and may be modified only upon a showing of good

14 cause.  *Chao v. Westside Drywall, Inc.*, 709 F.Supp.2d. 1037, 1071–72 (D. Or. 2010).  A party

15 seeking to amend a pleading after the date specified in the scheduling order must first show good

16 cause for amendment under Rule 16, then, if good cause be shown, the party must demonstrate

17 that amendment was proper under Rule 15.  *Johnson*, at 608.

18    For purposes of Rule 16, "good cause" means the scheduling deadlines cannot be met

19 despite the party's diligence.  *Johnson*, at 609.  The pretrial schedule may be modified if it cannot

20 reasonably be met despite the diligence of the party seeking the extension.  If the party seeking

21 the modification was not diligent, the inquiry should end and the motion to modify should not be

22 granted.  *Millenkamp v. Davisco Foods Intern., Inc.*, 448 Fed. Appx. 720, 721 (9th Cir. 2011);

23 *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

24

1      Although this Court's scheduling order does not set a specific deadline for seeking

2  amendments to the complaint, Paz's motion, if granted, necessarily requires modification of the

3  scheduling order.  Permitting the amendment to add a new cause of action would necessarily

4  require the Court to extend the discovery deadline to permit the City to respond to the new

5  allegations.  The amendment would also require an extension of the deadline for dispositive

6  motions in order that the City may challenge the claim, if appropriate.  Good cause must be

7  shown to justify any modification of the scheduling order.  See *Kowalow v. Correctional*

8  *Services Corp*., 35 Fed. Appx. 344, 346-47 (9th Cir. 2002)(Affirming denial of a motion to

9  amend complaint filed the day after the discovery deadline where Plaintiff failed to show "good

10  cause" for the delay and amendment would require modification of discovery and substantive

11  motions deadlines).

12      Moreover, a district court may deny as untimely an amendment motion filed after the

13  scheduling order's cut-off date where no request to modify the scheduling order has been made.

14  *Johnson*, 975 F.2d at 608–09 ("We see no reason to deviate from that approach here, but the

15  result would not change if Johnson's motion to amend the complaint were treated as a de facto

16  motion to amend the scheduling order).  See also *U.S. Dominator, Inc. v. Factory Ship Robert E.*

17  *Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985).

18      Paz has failed to demonstrate diligence in attempting to comply with the scheduling order

19  and has also failed to demonstrate good cause for modifying the scheduling order.  Here, the

20  proffered reasons for the proposed untimely amendment do not constitute good cause,

21  particularly where a primary element of good cause is due diligence.  Paz had the factual basis

22  for the assertion of a Fourth Amendment claim from the onset of this litigation.  The City

23  disclosed its entire abatement file, including the search warrant, warrant application and notices

24

1  as early as March 21, 2011.  The subsequent deposition testimony (taken after the close of

2  discovery) does not provide new evidence that supports "good cause" for extending the

3  deadlines.

4         Even if Paz were able to establish due diligence in attempting to comply with the

5  scheduling order, Paz still must demonstrate that an amendment of the complaint would be

6  proper under Rule 15.  If "good cause" can be shown, the movant must then demonstrate that

7  amendment is warranted under Fed. R. Civ. P. 15. *Johnson v. Mammoth Recreation, Inc.,* 975

8  F.2d 604, 608 (9th Cir. 1992).  Courts are to consider the following factors when determining

9  whether or not granting leave is proper: undue delay, bad faith or dilatory motive on the part of

10 the moving party, undue prejudice to the opposing party, and futility of amendment.  *Forman v.*

11 *Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Solutions, Inc*., 194 F.3d

12 980, 986 (9th Cir. 1999).  These factors, however, are not of equal weight in that delay, by itself,

13 is insufficient to justify denial of leave to amend.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d

14 183, 186 (9th Cir. 1986).  The other factors used to determine the propriety of a motion for leave

15 to amend could each, independently, support a denial of leave to amend a pleading.  *Lockheed*

16 *Martin Corp. v. Network Solutions, Inc*. ., 194 F.3d 980, 986 (9th Cir. 1999).  Of these factors,

17 prejudice to the opposing party is the most important factor.  *Jackson v. Bank of Hawaii*, 902

18 F.2d 1385, 1387 (9th Cir. 1990).

19        Relevant to evaluating the delay issue is whether the moving party knew or should have

20 known the facts and theories raised by the amendment in the original pleading.  *Jackson,* at 1388.

21 A party that contends it learned "new" facts to support a claim should not assert a claim that it

22 could have pleaded in previous pleadings.  See, *Chodos v. West Publishing Co*., 292 F.3d 992,

23 1003 (9th Cir. 2002).  As previously noted, the facts necessary to plead a Fourth Amendment

24

1  claim premised on the search warrant were available to Paz long before the close of discovery

2  and the deposition testimony upon which Paz relies.

3       The second factor to consider is the potential prejudice to the City.  Prejudice may

4  effectively be established by demonstrating that a motion to amend was made after the cutoff

5  date for such motions, or when discovery had closed or was about to close.  See, e.g., *Zivkovic v.*

6  *Southern Cal. Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of plaintiff's

7  motion for leave to amend where proposed amendment would have added additional causes of

8  action which would have required further discovery and discovery was set to close five days

9  after motion to amend was filed); *Lockheed Martin Corp. v. Network Solutions, Inc*., 194 F.3d

10  980, 986 (9th Cir. 1999) (stating that "[a] need to reopen discovery and therefore delay the

11  proceedings supports a district court's finding of prejudice from a delayed motion to amend the

12  complaint"); *Solomon v. North Am. Life & Cas. Ins. Co*., 151 F.3d 1132, 1139 (9th Cir. 1998)

13  (affirming the denial of leave to amend where the motion was made "on the eve of the discovery

14  deadline" and "[a]llowing the motion would have required re-opening discovery, thus delaying

15  the proceedings").  When "additional discovery would have to be undertaken" because the

16  amended pleading contains "different legal theories and require[s] proof of different fact[s]," the

17  opposing party may be prejudiced.  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.

18  1990).

19       Paz's addition of a Fourth Amendment claim late in this litigation prejudices the City

20  because it will require additional fact discovery.  Allowing the amendment would deny the City

21  the ability to conduct discovery to clarify the basis upon which Paz seeks to impose Fourth

22  Amendment liability against the City and deny any discovery as to what evidence exists in

23  support of the claim that the City's customs and policies violate the Fourth Amendment.

24

1    Because the discovery deadline has passed, the Court would need to reopen those deadlines.

2    Additionally, the dispositive motion deadline has passed.  The Court would have to reopen this

3    deadline.  The City has filed a timely dispositive motion and Paz's amendment will cause the

4    City to incur additional legal costs in defending a new claim and refashioning its dispositive

5    motion.  Therefore, the factor of prejudice to the opposing party weighs against granting leave

6    for Paz to amend the complaint.

7           Bad faith in filing a motion for leave to amend exists when the addition of new legal

8    theories are baseless and presented for the purpose of prolonging the litigation.  See *Griggs v.*

9    *Pace American Group, Inc*., 170 F.3d 877, 881 (9th Cir. 1999). The Court finds no evidence that

10   the amendment is sought in bad faith.

11          Leave to amend need not be given under Rule 15 if it would be futile to do so, such as "if

12   a complaint, as amended, is subject to dismissal."  *Moore v. Kayport Package Exp., Inc*., 885

13   F.2d 531, 538 (9th Cir. 1989).  A proposed amendment is futile only if no set of facts can be

14   proved under the amendment to the pleadings that would constitute a valid and sufficient claim

15   or defense. *Miller v. Rykoff–Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988).

16          Paz's proposed amendment appears to premise a Fourth Amendment claim on the basis

17   that the search warrant was unreasonable and unlawful.  Paz argues that the warrant was for an

18   administrative search and was not criminal in nature because the notices for administrative

19   hearing or request to conduct a full inspection do not state or identify any alleged criminal

20   violations. These notices do not state that the City seeks action to conduct a "criminal"

21   investigation.  Thus, Paz argues, the method of obtaining the warrant violated the Fourth

22   Amendment.  Dkt. 36 pp. 3-5.

23

24

1    The City contends that Paz's proposed amendment to the complaint is futile.  The City

2  states that the search warrants were issued based upon probable cause to believe that there were

3  numerous criminal violations of City codes identified on the face of the affidavit for the warrant;

4  that these various codes make violations a misdemeanor; that the warrant itself states that there is

5  probable cause to believe that there is evidence of a crime at the plaintiff's building; that the

6  Aberdeen Municipal Court has jurisdiction to issue criminal search warrants; and that the

7  warrant is authorized on a showing of probable cause, upon presentation of an affidavit under

8  oath or sworn testimony establishing the grounds therefore. The Aberdeen Municipal Court acted

9  within its authority and criminal jurisdiction.  Dkt. 34 pp. 6-10.

10    Although it appears likely that Paz's proposed amendment would ultimately be proved to

11  be futile, there is no need to reach the factor of futility because the finding of both prejudice and

12  undue delay are sufficient to deny the motion to amend the complaint.

13                                **CONCLUSION**

14    Paz unduly delayed bringing this motion to amend the complaint.  Granting the request

15  would prejudice the City of Aberdeen and require a modification of the scheduling order without

16  a showing of good cause.

17    Therefore, it is herby ORDERED:

18    Plaintiff's Motion for Leave to Amend Complaint (Dkt. 32) is **DENIED.**

19    Dated this 25th day of November, 2013.

20

21

22    ROBERT J. BRYAN
      United States District Judge

23

24

ORDER DENYING PLAINTIFF'S MOTION FOR
LEAVE TO AMEND COMPLAINT- 9